# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JACQUELINE T. VECCHIO,　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Appellant,　　　　　　)　　Case No.: 2:22-cv-00842-GMN
vs.　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　)　　**ORDER**
DOMINICK LICCIARDI, *et al.*,　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Appellees.　　　　　　)
　　　　　　　　　　　　　　　　　　　)

　　　　Before the Court is the Opening Brief, (ECF No. 11), filed by Appellant Jacquelin T. Vecchio ("Appellant"), appealing the Bankruptcy Court's order sustaining an objection to Appellant's Claim of Homestead Exemption. Appellees Dominick Licciardi and Susan Licciardi ("Appellees") filed a Response, (ECF No. 13), to which Appellant filed a Reply, (ECF No. 14).

　　　　For the reasons set forth below, the Court REVERSES the Bankruptcy Court's order and REMANDS the case to the Bankruptcy Court for proceedings consistent with this Order.

## I.　BACKGROUND

　　　　This case comes from the United States Bankruptcy Court for the District of Nevada, where Appellant filed for relief under Chapter 13 of the Bankruptcy Code. (*See generally* Voluntary Pet., Volume One to Appellant's R. Excerpts). The background of this case is well known to the parties; therefore, this Order contains background only as relevant to the Court's findings.

　　　　On July 18, 2021, Appellant filed her Chapter 13 petition (the "Petition") with the Bankruptcy Court. (*Id.*, Volume One to Appellant's R. Excerpts). In her Petition, Appellant included her interest in a property located at 236 Star Diamond Court, Las Vegas, Nevada, (the

"Property") and listed the value of the Property as $593,000.00. (*Id.*, Volume One to Appellant's R. Excerpts).  Appellant claimed a $593,000.00 homestead exemption[1] in the Property under Nevada Revised Statute ("NRS") § 21.0901. (*Id.* at 21, Volume One to Appellant's R. Excerpts).  Approximately two weeks after filing the Petition, Appellant obtained an appraisal valuing the Property at $640,000 as of July 24, 2021. (Evidentiary Hear'g Chapter 13 Plan Tr., April 26, 2022, 7:12–20, Volume One to Appellant's R. Excerpts).  Under NRS § 21.0901, Appellant is only entitled a homestead exemption up to $605,000.00. NRS § 21.090(l)(1)–(2).  Appellant's appraisal meant that, as of the Petition date, Appellant's homestead exemption was exhausted, thereby leaving approximately $35,000.00 in non-exempt equity to pay creditors.

 On September 29, 2021, Appellees filed an objection to Appellant's claimed homestead exemption, contending the Property was worth more than exemptible by statute. (Homestead Exemption Obj. at 67, Volume One to Appellant's R. Excerpt).  Appellees supplemented their objection with a competing appraisal that valued the Property at $710,000.00 as of January 24, 2022. (Evidentiary Hear'g Chapter 13 Plan Tr., April 26, 2022, 2:18–21, Volume One to Appellant's R. Excerpts).  On March 15, 2022, Appellant filed an amended Chapter 13 petition ("Amended Petition"), which included a nonstandard plan provision "setting the 'effective date of the plan' to July 18, 2021'" or Appellant's original Petition date. (Am. Pet. at 320, Volume One to Appellant's R. Excerpt).

The parties disputed what date the Bankruptcy Code ("Code") and Ninth Circuit caselaw required the Bankruptcy Court to use in valuing the Property.  Appellant advanced that because

---

[1] The Nevada homestead exemption derives from the Nevada state constitution, which provides in relevant part that a "'homestead as provided by law, shall be exempt from forced sale under any process of law.'" *Contrevo v. Mercury Fin. Co. (In re Contrevo)*, 153 P.3d 652, 654 (Nev. 2007) (emphasis in original) (citation omitted).  "To comply with this constitutional mandate, the Nevada Legislature enacted what is now NRS 21.090." *Id.*  As of the filing of this lawsuit, a debtor may claim a homestead exemption up to $605,000 under NRS § 21.090. NRS § 21.090(l)(1)–(2).

her Amended Petition included an effective date for her Chapter 13 plan, the Property must be valued using that date. (Appellant's Opening Br. at 22–25, ECF No. 11). In contrast, Appellees averred that the Property's value should be measured from the date when the Bankruptcy Court ultimately confirmed or approved Appellant's Amended Petition. (Appellees' Resp. Br. at 8–9).

The Bankruptcy Court adopted Appellees' position, determining that the Property's value should be measured on the date the Amended Petition is confirmed. (Evidentiary Hear'g Chapter 13 Plan Tr., April 26, 2022, 11:5–22, Volume One to Appellant's R. Excerpts). The Bankruptcy Court found that the parties dispute was more "appropriately viewed as a valuation motion" and reasoned that under 11 U.S.C. § 506, the purpose of valuation is linked to "confirmation, and necessary for, among other things, liquidation value analysis" pursuant to 11 U.S.C § 1325(a)(4). (*Id.* 9:8–22, Volume One to Appellant's R. Excerpts). The Bankruptcy Court explained the Ninth Circuit's decision in *In re Hoopai (Hoopai)*, 581 F.3d 1090 (9th Cir. 2009), was not dispositive of the parties dispute, in concluding that the proper date to value the Property was the date of confirmation. (*Id.* 10:3–11:25, Volume One to Appellant's R. Excerpts). Appellant then appealed the Bankruptcy Court's order. The Court discusses Appellant's appeal below.

## II.   LEGAL STANDARD

The parties dispute the appropriate standard of review. Appellant argues the Court should apply *de novo* review to the Bankruptcy Court's interpretation of statutes and caselaw, and clear error to the Bankruptcy Court's application of 11 U.S.C. § 506(a). (Appellant's Opening Br. at 9–10). In response, Appellees contend the Court should review the Bankruptcy Court's interpretation of statutes and caselaw under the abuse of discretion standard because it relates to confirmation of Appellant's Amended Petition. (Appellees' Resp. Br. at 7–8).

Here, the Court agrees with Appellees, as the selected date of valuation will ultimately impact the Bankruptcy Court's decision whether to confirm Appellant's Amended Petition. *See*

*In re Wall*, No. 08-cv-92658, 2009 WL 9095131, at *2 (Bankr. E.D. Cal. May 7, 2009) (noting that "it is particularly" important that valuation "motions be held in connection with the confirmation of a plan" because the "value of collateral will set the upper bounds of the amount of the secured claim") (citing 11 U.S.C. § 506(a)).  As of the time of this Order, a confirmation hearing is currently scheduled for October 10, 2023. (*See* Min. Order Scheduling Hr'g, ECF No. 130 in *In re Vecchio*, 2:21-cv-13587-NMC).  Affirmance or reversal of the Bankruptcy Court's order bears directly on its subsequent decision regarding confirmation of Appellant's Chapter 13 plan, and thus, can be considered review of a decision regarding confirmation. *See In re Frazier*, 448 B.R. 803, 810 (Bankr. E.D. Cal. 2011) ("First, the secured and unsecured claims are valued under § 506(a). Second, the debtor confirms a Chapter 13 plan. It is the Chapter 13 plan, by which the debtor commits him or herself to a plan, which becomes the new contract between the debtor and creditors.").

     A bankruptcy court's decision regarding confirmation of a Chapter 13 plan is reviewed for abuse of discretion. *See In re Ogletree*, No. 19-cv-50392, 2020 WL 6557434, at *3 (9th Cir. BAP 2020).  To determine whether the bankruptcy court has abused its discretion, the Court conducts a two-step inquiry: (1) it reviews *de novo* whether the bankruptcy court "identified the correct legal rule to apply to the relief requested'" and (2) if it did, it considers whether the bankruptcy court's application of the legal standard was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *United States v. Hinkson*, 585 F.3d 1247, 1262–63 & n.21 (9th Cir. 2009) (en banc).  Applying this standard, Appellant's appeal primarily concerns a purely legal question: as of what time should the Bankruptcy Court value the Property under 11 U.S.C. § 506, and relatedly, 11 U.S.C § 1325(a)(4). *See In re Marsh*, 929 F. Supp. 852, 854 (N.D. Ill. 2013) ("The only issue here is purely legal: as of what time should the bankruptcy court value the Marshes' residence under 11 U.S.C. § 506?").

///

## III. DISCUSSION

Appellant contends the Bankruptcy Court's ruling is contrary to the Ninth Circuit's decision *Hoopai* and subsequent "persuasive caselaw" finding that a debtor may set the effective date for a Chapter 13 plan. (Appellant's Opening Br. at 15). According to Appellant, the Bankruptcy Court's order improperly set a "bright-line rule" that the effective date of a Chapter 13 plan "must be the confirmation date." (*Id.* at 20). Appellant advances reversal is necessary for the Bankruptcy Court to address the various equitable and policy considerations which support its conclusion that the effective date for Appellant's Amended Petition should be the confirmation date. (Appellant's Reply Br. at 2, ECF No. 14). In response, Appellees disagree with Appellant's contention that caselaw dictates a debtor may categorically set the effective date for a Chapter 13 plan. (Appellees' Resp. Br. at 13–16). While Appellees do not dispute Appellant's contention that there are various equitable and policy considerations in determining what valuation date should be applied, they nevertheless maintain the Bankruptcy Court correctly found the date dictated in Appellant's non-confirmed Amended Petition is not binding. (*Id.* at 16–17).

In *Hoopai*, the Ninth Circuit held that an oversecured creditor is entitled to interest under § 506(b) only until the "effective date of the plan," which "may be a date specifically provided for in a Chapter 13 plan, but when no such date is selected, the effective date is the date on which the plan becomes final and binding due to a court order confirming the plan." 581 F.3d at 1100–01. Following *Hoopai*, several courts have found the "effective date of the plan," as it applies to § 1325(a)(4), means the date of the order confirming the plan unless the plan itself defines the date. *See In re Messer*, No. 11-cv-03007, 2014 WL 643712, at *4 (9th Cir. BAP Feb. 19, 2014); *In re Gould*, No. 4:20-cv-00472, 2021 WL 4447617, at *1 (D. Idaho Sept. 28, 2021); *In re Bingham*, No. 16-cv-53217, 2018 WL 2069604, at *3 (Bankr. N.D. Cal. May 1, 2018); *In re Gibson*, 415 B.R. 735, 738 (D. Ariz. 2009).

Facially, *Hoopai* and its progeny support Appellant's contention that the date she selected in her Amended Petition constitutes the effective date of the plan. But on further review, Appellant's argument conflates her *ability* to initially select an effective date with the *authority* to bind the creditor and bankruptcy court to that date. *Hoopai* and its progeny do not preclude a creditor from objecting to a debtor's proposed effective date, nor does it say a bankruptcy court is always bound by the debtor's proffered date.

Ultimately, a Chapter 13 plan must satisfy the "best interest of creditors" test, which requires that unsecured creditors holding allowed claims must receive at least as much from the plan as they would receive if debtor's assets were liquidated under Chapter 7 on the plan's effective date. 11 U.S.C § 1325(a)(4). To adopt Appellant's reasoning would render this test meaningless: the bankruptcy court must accept the debtor's proposed effective date regardless of whether the test was satisfied. Further, it would encourage debtors to manipulate the Chapter 13 process by vesting them with the unilateral authority to select an effective date. *See In re Brasher*, No. 16-cv-15980, 2020 WL 6598105, at *22 (Bankr. D. Nev. May 15, 2020) ("[A]ny fixed valuation date theoretically can be manipulated—if the date of the confirmation hearing controls then debtors or junior lienholders may attempt to delay that hearing when that would suit their needs—so this concern does not necessarily have much bearing on whether the court should use the petition date or the date of the confirmation hearing."). Practically speaking, *Hoopai* establishes that a debtor has a qualified right to set an effective date for a Chapter 13 plan. But it remains within the bankruptcy court's discretion to weigh the applicable equitable factors, policy considerations, and facts of the case to decide whether to confirm that effective date and proposed plan. The competing range of factors that must be accounted for is perhaps why "[v]aludation dates . . . have been the subject of much disagreement." *In re Gutierrez*, 503 B.R. 458, 461 (C.D. Cal. 2013) (compiling the various approaches and dates approved by courts concerning valuation dates).

Nevertheless, the Court is amenable to Appellant's position that the Bankruptcy Court did not adequately articulate how it weighed and applied the relevant equitable factors and policy considerations to the facts of this case. And to this end, Appellees do not dispute that determining the proper valuation date requires balancing competing policy concerns or otherwise identify how the Bankruptcy Court addressed these concerns in making its decision. (*See generally* Appellees' Resp. Br.). While the Court does not necessarily disagree with the conclusion reached by the Bankruptcy Court, the brevity of its ruling does raise questions as to how it reached its outcome and whether it weighed the policy considerations set forth by Appellant. (Evidentiary Hear'g Chapter 13 Plan Tr., April 26, 2022, 6:6–12:10, Volume One to Appellant's R. Excerpts). For this reason, the Court will reverse the Bankruptcy Court's order and remand this case to the Bankruptcy Court to perform a balancing test and articulate how it reached its conclusion.

### IV.   CONCLUSION

**IT IS HEREBY ORDERED** that the Bankruptcy Court's order sustaining an objection to Appellant's Claim of Homestead Exemption is **REVERSED**. That order is **VACATED** and this case is remanded to the Bankruptcy Court for proceedings consistent with this decision.

**DATED** this __15__ day of September, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT